**In the Matter of Benjamen W. MURPHY, Respondent.**

**No. 45S00–1401–DI–3.**

Supreme Court of Indiana.

July 10, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In 1995, prior to his admission to the bar, Respondent was convicted on a guilty plea to Operating While Intoxicated ("OWI"), a class A misdemeanor. Respondent reported this conviction on his application for admission to the bar.

Since his admission to the bar in 1998, Respondent has been charged on seven occasions with traffic violations between April 2003 and November 2012. The first six occasions included a charge of OWI, two of which involved endangering a person. Other charges included exceeding the speed limit, unsafe lane movement, following too closely, and failure to yield. The seventh occasion resulted in a charge of a failure to stop after an accident with non-vehicle damage.

Respondent was convicted on a guilty plea to one count of reckless driving arising from the April 2003 incident. On December 3, 2013, he was convicted on a guilty plea to one count of operating with a B.A.C. of at least 0.15, a charge arising from an incident in July 2009. The remaining charges were all dismissed in conjunction with plea agreements, a pre-trial diversion agreement, or pursuant to Criminal Rule 4 (discharge for delay in criminal trials).

The parties cite the following facts in mitigation: (1) Respondent has no prior discipline; (2) Respondent promptly reported his December 2013 conviction to the Commission and has fully cooperated with the Commission; and (3) Respondent voluntarily sought treatment to address his alcohol problem in November 2012 and has complied with the proposed terms of Indiana Judges and Lawyers Assistance Program ("JLAP") monitoring from that date.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline. For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of six months, beginning August 22, 2014, with 60 days actively served and the remainder stayed subject to completion of at least three years of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall enter into a long-term monitoring agreement with JLAP and shall comply with all terms of the monitoring agreement during his probation.

(2) During his probation, Respondent shall refrain totally from the use of alcohol and mind-altering substances except as prescribed.

(3) Respondent shall have no violations of the JLAP agreement or the Rules of Professional Conduct during his probation.

(4) If Respondent violates his probation, the balance of the stayed suspension **will be actively served without automatic reinstatement,** and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

(5) In addition, if the Commission determines that there is good reason to believe that Respondent is disabled within the contemplation of Admission and Discipline Rule 23(25), the Commission may bring a proceeding to suspend Respondent pursuant to this rule.

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.